IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LASHAWN DYSAN PIERCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:19-CV-576-ALB |
| | ) [WO] |
| DOTHAN POLICE DEPT., *et al.*, | ) |
| | ) |
| Defendants. | ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### **I. INTRODUCTION**

In the instant complaints, Plaintiff, an inmate confined in the Houston County Jail, alleges he was subjected to excessive force during an arrest. Plaintiff names as defendants the Dothan Police Department, Officer Cobb, and Officer Hunt. Upon review, the court concludes that Plaintiff's claims against the Dothan Police Department are due to be dismissed prior to service under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

### **II. DISCUSSION**

Plaintiff names the Dothan Police Department as a defendant. The Dothan Police Department is not a legal entity subject to suit or liability. *See Ex parte Dixon*, 55 So.3d 1171, 1172 n.1 (Ala. 2010) ("Generally, the departments and subordinate entities of municipalities, counties, and towns that are not separate legal entities or bodies do not have the capacity to sue or

---

[1]The court granted Plaintiff leave to proceed *in forma pauperis* in this case. Doc. 3. A prisoner granted *in forma pauperis* status will have his complaint screened pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

be sued in the absence of specific statutory authority."); *Clay-Brown v. City of Decatur*, 2013 WL 832315, *2 (N.D. Ala. Feb. 28, 2013 ("Under Alabama law, only a municipality itself has the capacity to sue and be sued, as opposed to agencies, departments or divisions of the municipality."); *Howard v. City of Demopolis*, 984 F.Supp.2d 1245, 1253 (S.D. Ala. 2013) (noting "that police departments are not a proper legal entity capable of being sued."). Thus, the court finds the claims presented against the Dothan Police Department are subject to summary dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) since this defendant is not a suable entity.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the Dothan Police Department be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

2. The Dothan Police Department be TERMINATED as a party to the complaint.

3. This case be referred to the undersigned for further proceedings.

It is further

ORDERED that on or before **August 28, 2019**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon

grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 14th day of August 2019.

/s/ Charles S. Coody
UNITED STATES MAGISTRATE JUDGE